**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

DANIEL ODOM,                          :
AIS 108776,

                                      :

        Petitioner,

                                      :

vs.                                        CA 09-0447-WS-C

                                      :

JERRY FERRELL,

                                      :

        Respondent.


## REPORT AND RECOMMENDATION

Daniel Odom, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

## FINDINGS OF FACT

1.      On November 1, 1973, petitioner was convicted of first-degree murder in the Circuit Court of Jefferson County, Alabama and sentenced to a

term of life imprisonment. (*Compare* Doc. 1, at 2 *with* Doc. 6, Exhibit 1B, at 1)

2.      Petitioner filed a notice of appeal "but the appeal was dismissed on the appellant's motion." (Doc. 6, Exhibit 1B, at 1; *see also* Doc. 6, Exhibit 1A (docket sheet entry for April 26, 1974 reflects that Odom withdrew his appeal in open court)) Thereafter, petitioner did nothing for over thirty-four (34) years. (*See id.,* Exhibit 1B, at 1)

3.      On May 29, 2008, Odom filed a Rule 32 petition in the Circuit Court of Jefferson County, Alabama, collaterally attacking his conviction and sentence; this motion was summarily denied by the trial court. (*Id.*) The trial court's decision was affirmed on direct appeal. (*Id.* at 3)

> The appellant argues that the circuit court erroneously denied his petition without first conducting an evidentiary hearing. In his petition, he alleged that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because the indictment against him was void. Specifically, he asserted that the indictment was void because it did not adequately allege the means by which he caused the victim's death. Although he couches his claim in jurisdictional terms, it is actually a nonjurisdictional claim that is precluded because he could have raised it at trial and on appeal, but did not, and because it is time-barred.

> Moreover, the appellant was indicted for first-degree murder in May 1973. The indictment alleged that he "unlawfully, and with malice aforethought, killed Eugene Elvis Helm by beating him to death." The language in the indictment

2

was an accurate statement of the law at the time of the appellant's conviction. Furthermore, the language of the indictment tracks the language of Title 15 § 259, no. 79, Code of Alabama 1940, which provided the indictment forms for first-degree murder at that time. Therefore, the appellant's indictment was not defective.

Because the appellant's claim was precluded and without merit, the circuit court properly denied his petition without first conducting an evidentiary hearing.

(*Id*. at 1-3 (internal citations and footnote omitted)) Odom's application for

rehearing was denied on March 27, 2009 (Doc. 6, Exhibit 1C) and his petition

for writ of certiorari to the Alabama Supreme Court was denied on May 8,

2009 (Doc. 6, Exhibit 1D).

4.     Odom filed the instant petition on July 21, 2009. (Doc. 1) In the

petition, Odom contends that his constitutional rights were violated because

it took him over thirty-six years to obtain his indictment from the Jefferson

County Circuit Court and that the copy he finally obtained establishes, on its

face, that the indictment was defective. (*See id*. at 7)

5.     The respondent answered the present petition on September 25,

2009. (Doc. 6) The Court has heard nothing from petitioner since the filing of

Ferrell's response. (*See* Docket Sheet)

## CONCLUSIONS OF LAW

### A.    Statute of Limitations.

1.    The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254.  *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied sub nom. Wilcox v. Moore*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim

4

or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2.      Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Odom's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his first-degree murder conviction became final.  "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996."  *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is applicable in this case since Odom's conviction became final on or about May 2, 1974, the date upon which the Alabama Court of Criminal Appeals recognized that petitioner had withdrawn his direct appeal. (*See* Doc. 6, Exhibit 1A, at 3) Accordingly, Odom's limitations period commenced on April 24, 1996 and expired on April 23, 1997, *see Guenther, supra*, 173 F.3d at 1331, more than twelve years before

he filed the instant § 2254 application.

       3.      Odom is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"); *cf. Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001), because he filed no state collateral attacks on his conviction and sentence until 2008, that is, well after the one-year limitations period expired. In fact, petitioner makes no argument that § 2244(d)(2) is applicable in this case.

4.     Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue:   "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted).  Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time.  *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting

7

his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

5.      In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner makes no argument that he was ignorant of the one-year limitations period.  It is apparent to the undersigned that nothing other than petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. While Odom contends that he tried for over thirty-six (36) years to obtain a copy of the indictment in his case

before actually procuring same (Doc. 1, at 7),[1] he fails to set forth the exact steps he took to obtain a copy of the indictment and the dates upon which he took those steps. Certainly, if petitioner recognized the need to procure a copy of the indictment immediately following his conviction he could have obtained a copy from any of a number of sources, including his attorney. More importantly, he has not identified the steps he took a few years both before and after his one-year limitations period expired to procure a copy of his indictment nor do his conclusory allegations establish the exact date upon which he received a copy of the indictment. Finally, nowhere does Odom explain why he did not file the instant habeas corpus attack concurrent with the filing of his state petition. Without such crucial information, the undersigned is unable to find that this is one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.

---

[1]      This assertion, made on or about July 21, 2009, is baseless on its face both because Odom did not withdraw his direct appeal until April 26, 1974, one month shy of 34 years prior to the filing of his Rule 32 petition in the Circuit Court of Jefferson County, Alabama and a few months shy of 35 years prior to the filing of the instant petition. Even if this Court was to assume that petitioner began seeking a copy of his indictment immediately upon his conviction on November 1, 1973, 36 years later will not occur until November 1, 2009. Accordingly, petitioner's assertion that it took him over 36 years to get a copy of the indictment in his case is baseless and serves to underscore the determination that Odom's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition.

## <u>CONCLUSION</u>

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 21st day of October, 2009.

  s/WILLIAM E. CASSADY                         
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.